IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL D. MARLIN,
REG. #08387-003                                                          PLAINTIFF

v.                                    2:10CV00009HLJ

RICHIE MARQUEZ, et al.                                                   DEFENDANTS

<u>ORDER</u>

Plaintiff, a federal inmate proceeding <u>pro</u> <u>se</u>, seeks relief in a federal civil rights action (Bivens),

and has requested leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 (DE #1).

Plaintiff has submitted a declaration that makes the showing required by § 1915(a).  Accordingly,

the request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350

for this action. Plaintiff has been without sufficient funds for six months and is presently without

sufficient funds.  Accordingly, the Court will not assess an initial partial filing fee.  Plaintiff is obligated,

however, to make monthly payments of 20% of the preceding month's income credited to plaintiff's

prison trust account each time the amount in the account exceeds $10.00, until the filing fee is paid in

---

[1]The plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a <u>pro</u> <u>se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding <u>pro</u> <u>se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, plaintiff decides not to continue to prosecute this action, plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41.

In addition, if plaintiff has not completely exhausted his administrative remedies as to all his claims, as required by the PLRA, 42 U.S.C. Sect. 1997e, he may file a motion to voluntarily dismiss his unexhausted claims.

full.   Plaintiff's present custodian, the Beaumont Low Federal Correctional Institution, Beaumont, Texas, and any future custodians, are required to send to the Clerk of the Court these payments from plaintiff's prison trust account until the statutory filing fee of $350 is paid in full.   28 U.S.C. § 1915(b)(2).

Plaintiff also has filed a motion for this Court to waive the $350 filing fee, stating that this action is a re-filing of a previous action which was dismissed for failure to exhaust.   (Marlin v. Marquez, 2:05cv00146SWW/HLJ).   Plaintiff cites in support of his position, Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006).   In that case, the Court held that a prisoner should not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust.   However, a similar request was rejected by the Court in Barrett v. Pearson, 2008 WL 342719 (E.D.Okla.).   In that case, the Court noted that the first complaint in Owens, supra, was dismissed sue sponte by the Court for failure to exhaust, without relying on evidentiary hearings and responsive pleadings.   However, in Barrett, the Court stated the first complaint was dismissed after service on the defendant and the filing of a dispositive motion.   The Court further stated, "Filing fees are part of the costs of litigation...and prisoner cases are not an exception.   The Prison Litigation Reform Act has no provision for returning fees that are partially paid or for cancellation of the balance of the fee." Id. at 2.   The Court concluded that plaintiff was not entitled to cancellation of the filing fee in that action.

Similarly, in the present situation, plaintiff Marlin's first case was dismissed after service of summons on the defendants and after the filing of a motion to dismiss.   In addition, plaintiff later appealed the dismissal to the Eighth Circuit Court of Appeals, which affirmed the district court's dismissal.   This Court finds plaintiff's case more similar to the Barrett case, above, and declines to grant plaintiff's request for waiver of the filing fees in this second action, for the same reasons cited in Barrett.

2

Having reviewed the plaintiff's complaint, it appears to the Court that service is appropriate at this time for defendants Richie Marquez and Greg Thompson.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (DE #1) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350 for this action.  Plaintiff's present custodian, the Warden of the Beaumont Low Federal Correctional Institution, Beaumont, Texas, and any future custodians shall collect monthly payments from plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward those payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action.

3.  Plaintiff's motion to waive the filing fees in this action (DE #4) is hereby DENIED.

4.  Service is appropriate for defendants Richie Marquez and Greg Thompson.

5.  The Clerk of the Court shall prepare summons for the defendants and the United States Marshal is directed to serve a copy of the complaint and summons on the defendants, the United States Attorney for this district, and the United States Attorney General, without prepayment of fees and costs or security therefore.

6.  The Clerk of the Court is directed to send a copy of this Order to the Warden, Beaumont Low Federal Correctional Institution, P.O. Box 26020, Beaumont, TX 77720.

IT IS SO ORDERED this 18th day of February, 2010.

_Henry L. Jones, Jr._
United States Magistrate Judge