IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL D. MARLIN,
REG. #08387-003                                                                                                PLAINTIFF

2:10CV00009DPM/JTK

RICHIE MARQUEZ, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

I.  Introduction

This matter is before the Court on the Defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 16).  By Order dated May 25, 2010, this Court directed Plaintiff to respond to the motion within ten days of the date of the Order (Doc. No. 22).  By Order dated June 8, 2010, the Court granted Plaintiff's motion for an extension of time, and directed him to file a response to the motion within thirty days of the date of the Order (Doc. No. 26).  The Court granted Plaintiff's second motion for extension of time, by Order dated July 8, 2010, directing Plaintiff to filed his response within thirty days of the date of the Order (Doc. No. 31).  Plaintiff has now filed a response to Defendants' motion (Doc. No. 33).

Plaintiff is a federal inmate incarcerated at the Jesup Federal Correctional Institution (FSL) in Jesup, Georgia.   He filed this Bivens civil rights action based on events which occurred while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas, in June, 2005. Specifically, Plaintiff alleges Defendants adversely changed his inmate work detail in retaliation against Plaintiff for the filing of grievances against them.  Plaintiff also alleges Defendants conspired to violate his First Amendment rights by their retaliatory acts.   Plaintiff asks for damages against defendants.

Plaintiff originally filed a complaint asserting these same claims against Defendants on June 27, 2005 (Marlin v. Marquez, et al., 2:05cv00146SWW).  That action was dismissed by Order and Judgment dated February 23, 2006, based on Plaintiff's failure to exhaust his administrative remedies

2

with respect to his claims against Defendants. Plaintiff filed an appeal, and the Eighth Circuit Court of Appeals affirmed this Court's dismissal on March 7, 2007. Plaintiff then filed his present cause of action on January 22, 2010, asserting the same claims against Defendants and stating he has now exhausted his administrative remedies as to his claims.

## II. Motion to Dismiss/Summary Judgment

### A. Defendants' Motion

Defendants set forth several reasons for dismissal of Plaintiff's complaint: 1) Plaintiff failed to perfect service on Defendants; 2) Plaintiff's complaint is barred by 28 U.S.C. § 1915(g) because he is a "three-striker" within the meaning of the Prison Litigation Reform Act (PLRA); 3) Plaintiff's complaint is barred by the Statute of Limitations; 4) Plaintiff failed to exhaust his administrative remedies, as required by the PLRA, 42 U.S.C. § 1997e; 5) Plaintiff fails to state a claim for retaliation against Defendants; and 6) Defendants are protected from liability by qualified immunity.

### B. Plaintiff's Response

In response, Plaintiff states Defendants retaliated against him for helping other inmates file grievances, and violated Plaintiff's rights for petitioning the government for redress of grievances. He states "all available remedies" have been exhausted, and that Defendants' actions in transferring inmates could keep Plaintiff and other inmates from achieving exhaustion.

### C. Standard of Review

According to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate administrative levels. In Booth v. Churner, 121 S.Ct. 1819, 1825 (2001), the United

States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in <u>Chelette v. Harris</u>, 229 F.2d 684 (8th Cir. 2000) the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d at 688.  In <u>Chelette</u>, the plaintiff inmate did not completely exhaust his administrative remedies because the Warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." <u>Id</u>.  Therefore, the Court concluded that the statute clearly requires exhaustion.  Finally, in <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court.....If exhaustion was not completed at the time of filing, dismissal is mandatory."

<u>D. Analysis</u>

Because this Court finds the exhaustion and "three-strikes" issues dispositive of this matter, the remaining arguments set forth in support of dismissal by the defendants will not be addressed.

According to the affidavit of An Tran, Senior Litigation Counsel for the Federal Bureau of Prisons (BOP), the BOP Administrative Remedy Program consists of four steps: informal resolution, formal resolution to the Warden (BP-9), appeal to the Regional Director in the Regional Office (BP-10), and appeal to the Office of the General Counsel in Washington, D.C. (BP-11) (Doc. No. 17, Ex. 3). Ms. Tran further states in her affidavit that Plaintiff did not fully exhaust his administrative remedies with respect to the present claims against the present defendants. She also refers the Court to the Order of dismissal in <u>Marlin v. Marquez, et al.</u>, 2:05cv00146, in which the Court found that

Plaintiff's initial grievance did not mention retaliation and consisted mostly of complaints about the level of pay of his job, and not the job conditions.  The Court in that case further found that because Plaintiff did not file his grievance within the time limits set forth in the Administrative Remedy process, his grievance was never addressed on the merits.  Finally, the Court found he never alleged retaliation by the Defendants in that grievance.

In his response to Defendants' motion, Plaintiff states he has exhausted, but he provides no details about his efforts to exhaust his administrative remedies since the dismissal of his prior case, and he provides no evidence to show that he filed a subsequent grievance or exhausted such. Therefore, the Court finds this complaint should be dismissed for failure to exhaust administrative remedies.

In addition, the Court finds Plaintiff's complaint against Defendants also should be dismissed pursuant to 28 U.S.C. § 1915(g).   According to that section of the PLRA, "[i]n  no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  According to Marlin v. Dube-Gilley, 2009 WL 646329 (E.D.Ark.), Plaintiff has had at least three prior cases dismissed as frivolous or for failure to state a claim.  See Marlin v. Fontenot, Case No. CIV 06-1017-LC (W.D.LA), dismissed November. 14, 2006 as frivolous and for failure to state a claim; Marlin v. Alexandre, Case No. CIV 05-1947-LC (W.D.LA), dismissed July 26, 2006 as frivolous and for failure to state a claim; and Marlin v. Raper, 2:06-cv-00004 (E.D.AR), dismissed on March 13, 2007 as a strike, and affirmed on appeal on January 24, 2008.   Accordingly,

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. No. 16) is hereby GRANTED, and plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 16th day of August, 2010.

_____
United States Magistrate Judge

6